1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

ALEJANDRO GARCIA,                           Case No. 1:14-cv-00999 DLB

11

     Plaintiff,                           ORDER DISMISSING COMPLAINT
                           WITH LEAVE TO AMEND

12

   v.                                      THIRTY-DAY DEADLINE

13

BALAGSO, et al.,

14

     Defendants.

                                   /

15

16

      Plaintiff Alejandro Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma

17

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June

18

2, 2014, in the United States District Court for the Southern District of California.  The action was

19

transferred to this Court on June 24, 2014.  He names North Kern State Prison LVNs M.V.

20

Balagso, Purdy and Jimenez as Defendants.[1]

21

**A.**     **SCREENING STANDARD**

22

      The Court is required to screen complaints brought by prisoners seeking relief against a

23

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 25, 2014.

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

7  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8  matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550

9  U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

10      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

11  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

12  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

13  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions

14  or omissions of each named defendant to a violation of his rights; there is no respondeat superior

15  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609

16  F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

17  2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

18  plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

19  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

20  standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

21  **B.       FACTUAL ALLEGATIONS**

22      Plaintiff is currently incarcerated at Calipatria State Prison.  The events at issue occurred

23  while Plaintiff was incarcerated at North Kern State Prison.

24      Plaintiff alleges that on September 2, 2013, Defendants Balagso, Purdy and Jimenez

25  refused to respond to a 'man down' call by staff at about 1:00 p.m.  Plaintiff, a diabetic, explains

26  that he started to feel dizzy and he told his cellmate to call the correctional officers.  Plaintiff had a

27

28

2

1  seizure and thinks he had another attack about two hours later.  He only remembers the

2  lightheadedness and then waking up with head and shoulder pain.

3          Plaintiff contends that the correctional officers did their job by contacting Medical.

4          Prior to the incident, Medical Staff told the correctional officers that if he did not stop

5  complaining, he would receive a 115 Rules Violate Report.

6          The next day, Medical Staff told Plaintiff that "it was going to be shift change" and started

7  laughing.  ECF No. 1, at 3.

8          As a result of the incident, Plaintiff has pain in his head and shoulder and needs help

9  remembering things. He alleges that Defendants were deliberately indifferent to a serious medical

10  need.

11  C.    **DISCUSSION**

12          Pro se litigants are entitled to have their pleadings liberally construed, and to have any

13  doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe

14  v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, Plaintiff's claims must be facially plausible

15  to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer

16  that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation

17  marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer

18  possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability

19  falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted);

20  Moss, 572 F.3d at 969.

21          Here, while Plaintiff's allegations may ultimately state a claim under the Eighth

22  Amendment, he fails to sufficiently link the named Defendants to the violation.  Plaintiff simply

23  states that Defendants "refus[ed] to respond" to a man-down call.  ECF No. 1, at 3.  This

24  allegation is factually insufficient because it does not provide further facts to explain their

25  connection.  For example, Plaintiff does not allege how they knew about the man-down call, or

26  what involvement, if any, they had in failing to respond.

27          Plaintiff's remaining claims involve the "Medical Staff" and do not offer any further

28  explanation.

3

1      Therefore, Plaintiff fails to sufficiently link the named Defendants to the violation at issue.

2  He will be permitted to amend his claim.

3  **D.       CONCLUSION AND ORDER**

4      For the above reasons, Plaintiff's complaint fails to state any claims for which relief may

5  be granted.  Plaintiff will be given leave to amend.

6      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

7  each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may

8  not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556

9  U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

10  2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

11  right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

12      Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa

13  County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

14  reference to the prior or superceded pleading," Local Rule 220.

15      Accordingly, it is HEREBY ORDERED that:

16      1.      Plaintiff's complaint is dismissed, with leave to amend;

17      2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

18      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

19  amended complaint; and

20      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

21  action will be dismissed, with prejudice, for failure to state a claim.

22

23  IT IS SO ORDERED.

24      Dated:    **December 2, 2014**                    /s/ *Dennis L. Beck*

25                                              UNITED STATES MAGISTRATE JUDGE

26

27

28