# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA, | Case No. 1:14-cv-00999 DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| BALAGSO, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Alejandro Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 2, 2014, in the United States District Court for the Southern District of California. The action was transferred to this Court on June 24, 2014.

Pursuant to Court order, Plaintiff filed a First Amended Complaint on March 6, 2015. He names North Kern State Prison LVNs M.V. Balagso, Purdy and Jimenez as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 25, 2014.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at Centinela State Prison. The events at issue occurred while Plaintiff was incarcerated at North Kern State Prison.

Plaintiff alleges that on September 2, 2013, Plaintiff and his cellmate told Officers Corona and Flores that his blood sugar was a little low and that he wanted to be seen by medical. Officer Flores called medical and told Plaintiff that medical staff was not there, but that he would be seen

1 by third watch medical.  Plaintiff alleges that he then had a seizure.  His cellmate gave him
2 "jellies" to raise his blood sugar and called "man down."  ECF No. 19, at 3.  They told Officers
3 Corona and Flores about his seizure, and the officers called medical.  Medical told the officers that
4 if Plaintiff did not stop complaining, he would get a 115.

5       Sometime later, Plaintiff had another seizure and was taken to medical.

6       On September 3, 2013, Plaintiff asked Defendant Purdy why she and other medical staff
7 refused to go and treat him for low blood sugar.  Defendant Purdy told Plaintiff that it was about
8 to be shift change and they weren't going to deal with him.  Defendant Purdy then began to laugh.
9 Plaintiff and Defendant Purdy spoke about Plaintiff's life "not being a joke," and she tried to
10 apologize.  ECF No. 19, at 4.  Plaintiff contends that the members of the medical staff were found
11 guilty of violating one or more CDCR policies.

12       Plaintiff alleges that Defendant Balagso was also asked the same question, but she was
13 quiet and tried to apologize.

14 C.   **DISCUSSION**

15     1.   Defendant Jimenez

16       As explained above, Plaintiff must link each Defendant to actions that allegedly violated
17 his constitutional rights.  Plaintiff's claims must be facially plausible to survive screening, which
18 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant
19 is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v.
20 U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant
21 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
22 plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

23       Although Plaintiff includes Defendant Jimenez in the caption, he does not include this
24 Defendant in the discussion of his claims.  Plaintiff has therefore failed to link Defendant Jimenez
25 to any unlawful conduct and he fails to state a claim against Defendant Jimenez.

26     2.   Eighth Amendment

27       For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical
28 need by demonstrating that failure to treat [his] condition could result in further significant injury

3

or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

### a.   *Defendant Purdy*

Plaintiff alleges that he asked Defendant Purdy why she refused to go to his cell and treatment him when he needed medication attention, and that Defendant Purdy told him that the shift was about to change and that they did not want to "deal with" Plaintiff. ECF No. 19, at 4. These facts are sufficient, at the pleading stage, to demonstrate that Defendant Purdy purposely failed to respond to Plaintiff's serious medical need. However, Plaintiff does not allege *any* harm as a result, and he therefore fails to meet the second element of a deliberate indifference claim- harm caused by the indifference.

Therefore, while Plaintiff may ultimately be able to state a claim against Defendant Purdy, he has failed to allege any resulting harm. Plaintiff will be given an opportunity to amend.

### b.   *Defendant Balagso*

Plaintiff alleges that when he asked Defendant Balagso why she did not respond to his calls for treatment, she remained quiet and tried to apologize. Under these facts, Plaintiff fails to show that Defendant Balagso acted with the requisite state of mind, i.e., that she "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff also fails to allege any harm as a result of the alleged delay.

Plaintiff therefore fails to state a claim against Defendant Balagso.  He will be permitted to amend, but he should only amend if he can do so in good faith.

### D. CONCLUSION AND ORDER

For the above reasons, Plaintiff's First Amended Complaint fails to state any claims for which relief may be granted.  Plaintiff will be given **one final opportunity** to amend.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **July 17, 2015**                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE