UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA,<br><br>         Plaintiff,<br><br>   v.<br><br>PURDY,<br><br>         Defendant. | No.  1:14-cv-00999 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br>(Document 27)<br><br>THIRTY-DAY OBJECTION DEADLINE |

   Plaintiff Alejandro Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 2, 2014, in the United States District Court for the Southern District of California, and it was transferred to this Court on June 24, 2014.  The action proceeds on Plaintiff's Second Amended Complaint for violation of the Eighth Amendment against Defendant Purdy.

   Defendant Purdy filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 18, 2016.  Plaintiff filed his opposition on June 6, 2016, and Defendant Purdy filed a reply on June 9, 2016.  The motion is ready for decision pursuant to Local Rule 230(l).

///

///

///

1

# DISCUSSION

## A. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on September 2, 2013, he and his cellmate told Officers Corona and Flores that his blood sugar was a little low and that he wanted to see medical. The officers called and were told that medical was not there, that Plaintiff would be seen later, and that Plaintiff should stop complaining or he'd receive a CDCR 115. At that time, Plaintiff had a seizure. His cellmate gave him jellies to raise his blood sugar level and called "man down." ECF No. 21, at 3. Once again, the officers called medical and told medical that Plaintiff had a seizure. In response, Plaintiff was told to stop complaining.

On September 3, 2013, Plaintiff asked Defendant why she and other medical staff refused to go and treat Plaintiff for low blood sugar. Defendant told him that it was about to be shift change, and they were not going to deal with him. Defendant began to laugh. Plaintiff told Defendant that his life is not a joke and she tried to apologize.

Plaintiff contends that Defendant's neglect caused him physical and mental harm.

## B. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual

allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**C.    SCREENING**

Plaintiff's Second Amended Complaint was screened and the Court determined it stated a claim upon which relief may be granted. 28 U.S.C. § 1915A; *Nordstrom*, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm*, 680 F.3d at 1121); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard). Defendant's acknowledgement that the complaint was screened is noted; however, she presents no arguments which persuade the Court it erred in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). As explained below, Plaintiff's allegations are sufficient to allow him to proceed past the pleading stage.

**D.    DISCUSSION**

The Eighth Amendment of the United States Constitution is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and

3

wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendant first argues that Plaintiff has not alleged that Defendant Purdy had actual knowledge of a substantial risk of harm. Defendant acknowledges that in the July 17, 2015, screening order, the Court found that Plaintiff's allegation that Defendant Purdy told him that she didn't want to deal with him at shift change was sufficient to demonstrate knowledge. Defendant disagrees with that finding, contending that Plaintiff does not allege that Defendant Purdy knew that he was exhibiting signs of illness, or that she could have prevented harm by providing immediate assistance.

As explained above, Plaintiff's allegations must be construed liberally, and the Court "'may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm*, 680 F.3d at 1122 (quoting Silva, 658 F.3d at 1101). Plaintiff's allegations, taken as true, *Silva*, 658 F.3d at 1105, indicate that (1) Defendant Purdy's acknowledgment that she did not want to deal with him because of a shift change shows that she knew of his medical condition but failed to assist; and (2) Plaintiff's medical condition worsened as a result. Plaintiff must be afforded the benefit of any doubt, *Hebbe*, 627 F.3d at 341-42, and his allegations, although requiring an inference, are sufficient to permit him to at least proceed past the pleading stage.

Insofar as Defendant argues that Plaintiff's allegations show nothing more than negligence, the argument is foreclosed by the above findings.

///

E. **FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Purdy's motion to dismiss, filed on March 18, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

IT IS SO ORDERED.

Dated:   **July 22, 2016**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE