# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. V. BALAGSO, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00999-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Alejandro Garcia is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On October 4, 2016, the Court issued a discovery and scheduling order in this matter, and served by mail on Plaintiff at his address of record. (ECF No. 46.) On October 19, 2016, the discovery and scheduling order was returned to the Court with a notation "undeliverable, inactive/refused." Plaintiff's notice of change of address was due by December 27, 2016. Local Rule 183(b). No change of address was filed by that date.

///

///

On January 11, 2017, the undersigned issued an order to show cause why this action should not be dismissed for failure to prosecute. A written response was due within twenty days of the date of service of that order.[1]

As of the date of these findings and recommendations, Plaintiff has not provided any updated mailing address to the Court or otherwise responded to any of the Court's orders.

## II.

## DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

In this case Plaintiff's address change was due no later than November 21, 2016. Nevertheless, Plaintiff has failed to file any change of address form and he has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do,

---

[1] The United States Postal Service returned the order to show cause as undeliverable. A notation on the envelope indicates that Plaintiff is paroled. However, Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to comply with this Court's rules, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.
### CONCLUSION AND RECOMMENDATION

For the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 10, 2017**

UNITED STATES MAGISTRATE JUDGE

3