| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA,<br><br>        Plaintiff,<br><br>   v.<br><br>PURDY,<br><br>        Defendant. | Case No.: 1:14-cv-00999-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>[ECF No. 52] |

## I. Introduction

Plaintiff Alejandro Garcia is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On March 7, 2017, the Court issued an order dismissing this action based on Plaintiff's failure to prosecute and for violating Local Rule 183(b). (ECF No. 50.) Judgment was entered accordingly that same day. (ECF No. 51.)

Currently before the Court is Plaintiff's motion stating he would like to continue with his case, filed June 21, 2017. (ECF No. 52.) On July 11, 2017, the Court construed Plaintiff's notice as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and required Defendant to file a response. On August 1, 2017, Defendant filed an opposition to Plaintiff's motion, with declarations in support. (ECF No. 54.) The time to file a reply to Defendant's opposition has passed, and none has been filed. The motion is deemed submitted. Local Rule 230(l).

1

## II. Discussion

Plaintiff moves for relief from the judgment in this action dismissing this case, stating that while he was litigating this action, he was in Centinela State Prison. Now, Plaintiff is housed at the Los Angeles County Jail, and contends that he lost his files and case number, and has not responded to his case for the past eight months because of a lack of law library access.

The litigation coordinator at Centinela State Prison declares that Plaintiff was released from state custody on September 23, 2016. (ECF No. 54-1 ¶ 3.) Plaintiff did not provide any change of address to the Court upon his release. Los Angeles County Sheriff Department booking records show that Plaintiff was arrested by the Los Angeles Police Department on October 23, 2016, and booked into custody at the Los Angeles County Jail on October 24, 2016. (ECF No. 54-2 at p. 2 ¶ 4, p. 4.) This case was then dismissed over four months later, on March 7, 2017. Plaintiff then filed the instant motion over three months after his case was dismissed, on June 21, 2017.

Defendant opposes the motion, arguing that Plaintiff has not demonstrated any excusable neglect which would justify any relief from judgment. Defendant argues that Plaintiff's neglect of this case has caused a delay in the proceedings, as nothing has been done on the case for eight months, other than the Court's resources being used to issue numerous orders attempting to have Plaintiff resume prosecution of his claim, and eventually to dismiss the case. Defendant has also been prevented from engaging in any discovery while Plaintiff's whereabouts were unknown to Defendant and the Court.

Defendant further argues that Plaintiff allowed many months to pass before updating the Court on his whereabouts, which was not due to circumstances beyond his control, but rather appears to be due to willful neglect. Therefore, Plaintiff's motion should be denied.

### A. Legal Standards

Rule 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is

2

to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).

**B.     Analysis**

As Plaintiff asserts that he was unable to litigate his case due to issues involving not having his case number, files, and a lack of sufficient law library access, the Court finds that he seeks relief from the judgment dismissing his case due to excusable neglect, pursuant to Rule 60(b)(1).

When making an "excusable neglect" determination under Federal Rule of Civil Procedure 60(b)(1), the court must consider "all relevant circumstances," Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993), including "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith," Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395, 113 S. Ct. 1489).

Upon considering the relevant factors in this case, the Court finds that they weigh against finding any excusable neglect by Plaintiff here. A discovery and scheduling order was issued by the Court on October 4, 2016. It now having been over ten months since that date, and no discovery having been conducted due to the Court and Defendant having no knowledge of Plaintiff's whereabouts, Defendants face prejudice from the inactivity in this suit, such as stale or possibly lost evidence, and witnesses with faded memories. The delay here was of a substantial length, and Plaintiff's reason for the delay does not show a lack of fault.

As Defendant asserts, although Plaintiff blames his lack of contact with the Court and the parties on the loss of his files and lack of law library access while at the Los Angeles County Jail, he was nevertheless able to file the instant motion without the file or case number, and he gives no reason for waiting many months before attempting to do so or to otherwise contact the Court. Furthermore, Plaintiff was out of custody for about a month, and made no efforts to update his address or contact the Court during that time either. Instead, the Court expended its limited resources in issuing orders

3

attempting to prompt Plaintiff to resume litigating this matter, to no avail. Thus, the Court does not find any excusable neglect here, and instead determines that Plaintiff's motion should be denied.

### III. Conclusion and Order

For the reasons explained, it is HEREBY ORDERED that Plaintiff's motion for relief from judgment, filed on June 21, 2017 (ECF No. 52) is denied.

IT IS SO ORDERED.

Dated: **September 6, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE